# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **RANDY CLAWSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-00760-PA |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Tim Wilborn, WILBORN LAW OFFICE, P.C., P.O. Box 370578, Las Vegas, NV 89137.
Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Janice E. Hebert, Assistant United States
Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue,
Suite 600, Portland, OR 97204-2902; Thomas M. Elsberry, Special Assistant United States
Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue,
Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**Panner, Senior District Judge**.

Randy Clawson ("plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying his applications

for Social Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Because the

Commissioner's decision is supported by substantial evidence, the decision is AFFIRMED.

## I.    BACKGROUND

### A.    The Application

Born in May, 1964, plaintiff was 54 years old at the time of his alleged onset date. Tr.

171. He speaks English and completed the 12th grade. Tr. 199. He has past work experience as

a delivery truck driver, construction worker, yard laborer, and auto mechanic. Tr. 20. Plaintiff

filed applications for SSI and DIB on May 26, 2011, alleging disability as of May 2, 2009. Tr.

171. After the Commissioner denied his applications initially and upon reconsideration, plaintiff

requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 121-22. After an

administrative hearing, held on August 6, 2013, the ALJ found plaintiff not disabled. Tr. 11-27,

28-57. The Appeals Council denied plaintiff's subsequent request for review on March 27,

2015, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-7. Plaintiff

seeks judicial review of that decision.

### B.    The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42

U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20

C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140

(1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The

five-step sequential process asks the following series of questions:

1.   Is the claimant performing "substantial gainful activity?" 20 C.F.R.
     §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving
     significant mental or physical duties done or intended to be done for pay
     or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing
     such work, she is not disabled within the meaning of the Act. 20 C.F.R.
     §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing
     substantial gainful activity, the analysis proceeds to step two.

2.   Is the claimant's impairment "severe" under the Commissioner's
     regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless
     expected to result in death, an impairment is "severe" if it significantly
     limits the claimant's physical or mental ability to do basic work activities.
     20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted
     or must be expected to last for a continuous period of at least 12 months.
     20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe
     impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);
     416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis
     proceeds to step three.

3.   Does the claimant's severe impairment "meet or equal" one or more of the
     impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
     then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii);
     416.920(a)(4)(iii). If the impairment does not meet or equal one or more of
     the listed impairments, the analysis proceeds beyond step three. At that
     point, the ALJ must evaluate medical and other relevant evidence to assess
     and determine the claimant's "residual functional capacity" ("RFC"). This
     is an assessment of work-related activities that the claimant may still
     perform on a regular and continuing basis, despite any limitations imposed
     by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c);
     416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC,
     the analysis proceeds to step four.

4.   Can the claimant perform his or her "past relevant work" with this RFC
     assessment? If so, then the claimant is not disabled. 20 C.F.R.
     §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform
     his or her past relevant work, the analysis proceeds to step five.

5.   Considering the claimant's RFC and age, education, and work experience,
     is the claimant able to make an adjustment to other work that exists in

> significant numbers in the national economy? If so, then the claimant is
> not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c);
> 416.960(c). If the claimant cannot perform such work, he or she is
> disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett,* 180 F.3d at 1099.

## C.   The ALJ's Decision

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not engaged in substantial gainful activity since May 2, 2009, the alleged onset date. Tr. 16. At step two, the ALJ concluded that plaintiff had the severe impairment of degenerative disc disease with osteoarthritis. *Id.* At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 17.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that he could perform sedentary work with the limitations that he can perform unskilled, repetitive,

Page 4 – OPINION AND ORDER

routine work, and that he needs a sit/stand option at will. Tr. 17. At step four, the ALJ found that plaintiff was not able to perform any of his past relevant work. Tr. 20. At step five, the ALJ determined that plaintiff could perform jobs that exist in significant numbers in the national economy, including small products assembler and production inspector/checker. Tr. 21-22. Accordingly, the ALJ found plaintiff was not disabled. *Id.*

## II.    STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotations omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## III.   DISCUSSION

Plaintiff argues that the Commissioner erred by (1) failing to find at step three that he meets Listing 1.04; (2) improperly evaluating the medical evidence; (3) rejecting his subjective symptom testimony; and (4) making improper findings at step five.

### A.   Listing 1.04

Plaintiff first argues that the ALJ erred at step three because he failed to find that plaintiff equals Listing 1.04(B), Disorders of the Spine. Tr. 17; 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(B). At step three of the sequential evaluation process, the ALJ must determine whether a claimant's impairment or combination of impairments meets or equals a listed impairment. *See Tackett*, 180 F.3d at 1099. To "meet" a listed impairment, the claimant must establish that he satisfies each element of the listed impairment in question. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Tackett*, 180 F.3d at 1099. To "equal" a listed impairment, a plaintiff "must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." *Tackett*, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526). The claimant bears the burden of proving that he has an impairment that meets or equals the criteria of a listed impairment. *See Burch*, 400 F.3d at 683 ("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence."); *Zebley*, 493 U.S. at 530 (the burden of proof rests with the claimant to provide and identify medical signs and laboratory findings that support all criteria for a step three impairment determination).

In order to equal Listing 1.04(B), plaintiff must present evidence of a disorder of the spine resulting in compromise of a nerve root or the spinal cord with signs and laboratory findings 'at least equal in severity and duration' to the characteristics of "[s]pinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(B); *Tackett*, 180 F.3d at 1099.

Medical equivalence must be based on medical findings, and a generalized assertion of functional problems is not enough to establish disability at step three. *Tackett*, 180 F.3d 1094. Here, plaintiff presented evidence of degenerative disc disease, spinal stenosis, osteoarthritis, and facet arthritis. *See* Tr. 484-87, 490, 497, 515-18, 523-24, 560. The ALJ specifically found that plaintiff did not meet Listing 1.04 because he failed to provide evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis. Tr. 17. The ALJ also noted that he found no evidence that plaintiff's back disorder resulted in an inability to ambulate effectively. *Id.*

At the administrative hearing, plaintiff testified that he experiences severe burning pain resulting in the need for changes in position every 30 minutes. Tr. 41. Plaintiff alleges that this condition renders him "effectively as limited as someone with spinal arachnoiditis." Pl.'s Br. p. 10. As explained below, however, the ALJ properly rejected plaintiff's credibility, and was not required to accept plaintiff's subjective symptom testimony in his step three evaluation. Further, as noted, medical equivalence at step three must be based on medical findings, not a claimant's testimony. *Tackett*, 180 F.3d 1094. In sum, the ALJ's step three findings were based on substantial evidence and are affirmed.

Page 7 – OPINION AND ORDER

## B.    Medical Opinion of Rodney Pray, M.D.

Plaintiff next argues that the ALJ erred by rejecting the medical opinion of Rodney Pray,

M.D. The ALJ is responsible for resolving conflicts in the medical record, including conflicts

among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The

Ninth Circuit distinguishes between the opinions of three types of physicians: treating

physicians, examining physicians, and non-examining physicians. The opinions of treating

physicians are generally accorded greater weight than the opinions of non-treating physicians.

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not

contradicted by the opinion of another physician can be rejected only for "clear and convincing"

reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ

must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion.

*Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). In addition, the ALJ generally must

accord greater weight to the opinion of an examining physician than that of a non-examining

physician. *Lester*, 81 F.3d at 830. As is the case with the opinion of a treating physician, the

ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an

examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an

examining physician is contradicted by another physician's opinion, the ALJ must provide

"specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F.3d

at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance

on a claimant's discredited subjective complaints, inconsistency with medical records,

inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities.

*Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1039. It is error

to ignore an examining physician's medical opinion without providing reasons for doing so. An ALJ effectively rejects an opinion when he ignores it. *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996).

Plaintiff obtained an opinion from Dr. Pray two months after the ALJ rendered his unfavorable decision. Tr. 563-69. Dr. Pray completed a Medical Source Statement dated October 18, 2013, as well as an x-ray and MRI of plaintiff's lumbar spine, dated October and September, 2013, respectively. *Id.* Dr. Pray opined that plaintiff was incapable of performing work at a sedentary or light level, even with the opportunity to change positions at will. Tr. 563-64. Plaintiff submitted this evidence to the Appeals Council on March 27, 2015. Tr. 1-2. The Appeals Council added Dr. Pray's opinion to the administrative record but determined that his findings did not provide a basis for overturning the ALJ's decision. *Id.*

When a claimant "submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). Here, Dr. Pray's opinion does not provide a basis for overturning ALJ's ultimate nondisability determination for two reasons. First, Dr. Pray's opinion was contradicted by plaintiff's work activity. While Dr. Pray found that plaintiff could not perform any work since May, 2003, plaintiff worked full time from May to November, 2003, and from 2004 to 2007. Tr. 184, 190, 232, 563-69. Because Dr. Pray's opinion is contradicted by plaintiff's work activity, his decision is less probative and does not undermine the ALJ's evaluation of the medical evidence. *See Orn*, 495 F.3d at 631 (factors relevant to evaluating any medical opinion include "the consistency of the medical opinion with the record as a whole").

Page 9 – OPINION AND ORDER

The ALJ based his opinion on the medical findings of Drs. Richard Alley, M.D., and Neal Berner, M.D., whose opinion that plaintiff was not physically disabled was consistent with the record of plaintiff's activities. Tr. 19.

Second, Dr. Pray's opinion that plaintiff was precluded from all continuous work was conclusory and unsupported by objective medical evidence. The ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Taylor v. Comm'r*, 659 F.3d 1228, 1232 (9th Cir. 2011). Under the Regulations, "[t]he more a medical source presents relevant evidence to support an opinion … the more weight we will give that opinion." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Here, Dr. Pray's opinion was not accompanied by any objective medical evidence to support his conclusion that plaintiff was precluded from all work. *See* Tr. 563-64. As Dr. Pray failed to provide contemporaneous, direct support for his medical conclusions, his opinion was not entitled to great weight. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3); *see also Taylor*, 659 F.3d at 1232. While plaintiff presents an alternative interpretation of the medical record, the Commissioner's rational conclusion must be upheld. *Burch*, 400 F.3d at 679. In sum, the newly submitted evidence from Dr. Pray did not undermine the ALJ's decision, which was supported by substantial evidence in the record.

## C.    Plaintiff's Testimony

Plaintiff also argues that the ALJ erred by rejecting his subjective symptom testimony. There is a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other

symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (quotation marks and citation omitted).
When doing so, the claimant "need not show that her impairment could reasonably be expected
to cause the severity of the symptom she has alleged; she need only show that it could reasonably
have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282.

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the
ALJ can reject the claimant's testimony about the severity of her symptoms only by offering
specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting
*Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he
must state which pain testimony is not credible and what evidence suggests the complaints are
not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be
"sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily
discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing
*Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)).

The ALJ may consider objective medical evidence and the claimant's treatment history,
as well as the claimant's daily activities, work record, and observations of physicians and third
parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at
1284. The Commissioner recommends assessing the claimant's daily activities; the location,
duration, frequency, and intensity of the individual's pain or other symptoms; factors that
precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any
medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other
than medication, the individual receives or has received for relief of pain or other symptoms; and
any measures other than treatment the individual uses or has used to relieve pain or other
symptoms. *See* SSR 96–7p, 1996 WL 374186 (Jul. 2, 1996).

Further, the Ninth Circuit has said that an ALJ "may consider ... ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, ... other testimony by the claimant that appears less than candid [, and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen*, 80 F.3d at 1284. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883. The ALJ's credibility decision may be upheld overall even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *See Batson*, 359 F.3d at 1197.

At the hearing held on August 6, 2013, plaintiff testified that he does not do much during the day other than watch television and walk short distances. Tr. 39. He reported that he suffers from constant pain and has difficulty concentrating, and is unable to stay in one position for more than about 30 minutes at a time. Tr. 41. Plaintiff testified that he had to stop working because of back pain. Tr. 46-47.

The ALJ rejected plaintiff's testimony as to the nature and extent of his limitations. Tr. 18. First, the ALJ found that plaintiff's activities are inconsistent with the level of impairment alleged in his testimony. *Id.* Evidence of an active lifestyle can undermine a disability claimant's credibility, *Bray*, 554 F.3d at 1226-27, and daily activities that are inconsistent with alleged symptoms are a relevant credibility consideration. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, for example, while plaintiff testified to be completely disabled by back pain, he was able to cook meals and perform household chores for his wife and children, including laundry, vacuuming, and cleaning bathrooms. Tr. 219. Plaintiff also reported that he cared for four dogs, performed his own personal care, and was able to go outside on a daily

basis. Tr. 219-21. While susceptible to multiple interpretations, it was reasonable for the ALJ to

conclude from this evidence that plaintiff's testimony regarding the severity of his symptoms and

limitations was less than credible. The ALJ therefore provided one clear and convincing for

rejecting plaintiff's subjective symptom testimony. *Rollins*, 261 F.3d at 857.

Second, the ALJ found that the objective medical evidence in the record undermines

plaintiff's testimony. Tr. 26. Medical evidence is a relevant factor in the ALJ's credibility

determination, but a claimant's testimony "cannot be rejected on the sole ground that it is not

fully corroborated by objective medical evidence." *Rollins*, 260 F.3d at 857. Here, the ALJ

noted that in April 2011, plaintiff reported tremendous improvement following his L5-S1

microdiscectomy. Tr. 18, 293. Plaintiff's straight-leg raise testing at that time was negative

bilaterally, and he exhibited full strength in his legs. *Id.* The ALJ also noted that plaintiff's

mood and affect were normal. *Id.* Further, while plaintiff strained his back while lifting boxes in

May, 2011, his radicular pain was resolved by October, 2011. Tr. 375, 432. While the ALJ may

not make a negative credibility finding "solely because" plaintiff's testimony "is not

substantiated affirmatively by objective medical evidence," *Robbins*, 466 F.3d at 883, lack of

support from medical evidence supports the ALJ's rejection of plaintiff's testimony. *Rollins*,

260 F.3d at 857. Because the ALJ provided at least one clear and convincing reason for rejecting

plaintiff's subjective symptom testimony, the lack of corroborating medical evidence support his

findings, and his credibility determination is affirmed.

**D.    Step Five Findings**

Plaintiff argues, finally, that the ALJ erred at step five because his decision is based on

the VE's misidentification of the job of dowel inspector as DOT 699.687-014, which refers to

the medium exertional level job of machine cleaner. Tr. 55. The correct DOT number is

Page 13 – OPINION AND ORDER

669.687-014. This is harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (the court will not reverse for errors that are inconsequential to the ultimate nondisability determination).

Plaintiff also argues that the ALJ erred in relying upon the VE's testimony that a claimant with plaintiff's limitations could perform jobs listed as light exertional work but would allow for a sit/stand option and could therefore be performed at sedentary levels. Tr. 54. In determining whether work exists in the national economy in significant numbers, the adjudicator will take administrative notice of reliable job information available from various publications, including the DOT, and may use a vocational expert. 20 C.F.R. §§ 404.1566(d)-(e), 404.966(d)-(e). The ALJ is entitled to rely on VE testimony that conflicts with the DOT when there is a reasonable basis for relying on the expert rather than the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1154 (9th Cir. 2007).

Here, the VE testified that a claimant with plaintiff's limitations could perform jobs that existed in significant numbers in the national economy. Tr. 51-55. Specifically, he explained how a claimant limited to sedentary work could perform work listed in the DOT as "light exertion" by exercising a sit/stand option, and then identified significant numbers of regional and national jobs that such a claimant could perform. Tr. 54-55. On this record, the ALJ reasonably determined that the VE's explanation of the apparent conflict between his testimony and the DOT was persuasive. The ALJ was therefore entitled to rely upon the VE testimony, and his step five findings are affirmed. *Massachi*, 486 F.3d at 1154; 20 C.F.R. §§ 404.1566(d)-(e), 404.966(d)-(e).

## IV.    CONCLUSION

The Commissioner's decision that plaintiff is not disabled is supported by substantial

evidence in the record and is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this ___**5**___ day of August, 2016.

Owen M. Panner
Senior District Judge